IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY CANDLER,<br><br>         Plaintiff,<br><br>   v.<br><br>SANTA RITA COUNTY JAILS WATCH COMMANDER, et al.,<br><br>         Defendants.                       / | No. C 11-01992 CW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK OF COURT TO PROVIDE PLAINTIFF WITH CIVIL RIGHTS COMPLAINT FORM |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison, filed the instant pro se civil rights action under 42 U.S.C. § 1983 complaining about the conditions of his confinement when he was incarcerated at the Santa Rita County Jail (SRCJ). He has paid the filing fee.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

For the reasons discussed below, Plaintiff's complaint is dismissed with leave to amend.

## DISCUSSION

Plaintiff makes the following allegations in his complaint:

    1.    There was no reason provided to me as to why it was
    necessary to place me in segregation.  I sent several
    message request forms & still no Resident Information
    Report issue to me.  I feel the defendants did not comply
    with procedural due process.

    2.    Secondly, I believe it is cruel & unusual punishment
    for me to come out my cell two to three hours out of 168
    hours per week.  I should allowed to shower at least
    every other day.  Due to this unhealthy program, I have
    developed rashes & scars on my backside.

    3.    Mental stress & paranoia.

    4.    I will amend more defendants later, because I'm not
    sure of their exact name at this time.

Compl. at 3:10-22.

Plaintiff identifies as Defendants the "Santa Rita County Jails Watch Commander" and "Commanding Officer D. Sanchas."  He seeks unspecified injunctive relief and damages.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a).  See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  Additionally, Rule 8(e)

2

requires that each averment of a pleading be "simple, concise, and direct." See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation omitted).

Here, Plaintiff's claims cannot proceed as plead because Plaintiff has not provided sufficient facts for the Court to determine whether he states a cognizable claim for relief. Plaintiff does not explain, for example, the restrictions to which he was subjected, the length of time he was allowed only two showers a day and the reasons given for such restriction, the nature of the "mental stress & paranoia" he suffered and the response, or lack thereof, by SRCJ staff. Additionally, Plaintiff has linked no Defendant or any other individual to his allegations and an identifiable injury. Plaintiff's request for injunctive relief is moot now that he no longer is incarcerated at the SRCJ.

Accordingly, Plaintiff's complaint is DISMISSED for failure to state a cognizable claim for relief. Plaintiff may file am amended complaint in which he (1) alleges sufficient facts for the Court to determine whether he states a claim for the violation of his constitutional rights, and (2) clearly links Defendants to the alleged injury or injuries for which the Defendants are alleged to be responsible.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint is DISMISSED.

3

2. Within <u>thirty (30) days</u> from the date of this Order, Plaintiff may file an amended complaint in order to cure the deficiencies noted above. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 11-01992 CW (PR), and the heading "AMENDED COMPLAINT."

<u>If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4. The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

IT IS SO ORDERED.

Dated: 10/7/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MARK A. CANDLER,

        Plaintiff,

  v.

SANTA RITA COUNTY JAIL et al,

        Defendant.

Case Number: CV11-01992 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2011, I SERVED a true and correct copy(ies) of the attached and **a blank civil rights complaint form**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark Anthony Candler AF7322
Pelican Bay State Prison
P.O. Box 7500
Cresent City, CA 95532

Dated: October 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk