1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  MARK ANTHONY CANDLER,                    No. C 11-01992 CW (PR)

4         Plaintiff,

5     v.                                    ORDER SERVING AMENDED
                                            COMPLAINT
6
   SANTA RITA COUNTY JAILS WATCH
7  COMMANDER, et al.,

8         Defendants.
   _____/

9

10        Plaintiff, a state prisoner incarcerated at Pelican Bay State

11   Prison, filed this pro se civil rights action pursuant to 42 U.S.C.

12   § 1983, complaining about his conditions of confinement during the

13   period of his incarceration as a pretrial detainee at the Santa

14   Rita County Jail (SRCJ).  At the time of filing, Plaintiff paid the

15   $350.00 filing fee.

16        Thereafter, the Court conducted a preliminary screening of the

17   complaint as required under 28 U.S.C. § 1915A.  By Order filed

18   October 7, 2011, the Court found Plaintiff had failed to provide

19   sufficient facts for the Court to determine whether his allegations

20   stated a cognizable claim for relief under § 1983.  Therefore, the

21   Court dismissed the complaint with leave to amend.

22        Now pending before the Court is Plaintiff's amended complaint.

23   Therein, he names as Defendants SRCJ Watch Commander John Doe, SRCJ

24   Commanding Officer Lt. D. Sanchas, SRCJ Sgt. D.L. Snider (Badge

25   #1140), and SRCJ Sgt. B.S. Quin (Badge #1319).

26        Plaintiff alleges that from June 17, 2008 through December 13,

27   2010, Defendants held him in disciplinary lock-up without

28   disciplinary charges or a hearing, and did not provide him with

cleaning materials for his cell or with the requisite minimum of
three hours of exercise a week.  Additionally, he alleges that from
March 2009 through December 2010, he routinely went for more than
seventy-two hours without a shower.  Plaintiff claims Defendants
placed him in such adverse conditions of confinement not because of
his conduct but, instead, in retaliation and at the request of the
District Attorney.  He claims the violation of his right to due
process and that Defendants acted with deliberate indifference.

When a pretrial detainee challenges conditions of his
confinement, the proper inquiry is whether the conditions amount to
punishment in violation of the Due Process Clause of the Fourteenth
Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).
The state may detain a pretrial detainee "to ensure his presence at
trial and may subject him to the restrictions and conditions of the
detention facility so long as those conditions and restrictions do
not amount to punishment or otherwise violate the Constitution."
Id. at 536-37.  If a restriction or condition is not reasonably
related to a legitimate goal, i.e., if it is arbitrary or
purposeless, the court may infer that the purpose of the action is
punishment.  See id. at 539.

Here, Plaintiff's allegations, when liberally construed, state
a cognizable claim that his conditions of confinement at the SRCJ
amounted to punishment, in violation of due process.[1]  Plaintiff's

[1]Plaintiff's allegation that Defendants acted with deliberate
indifference – the standard applied to Eighth Amendment conditions
of confinement claims – is a component of his due process claim.
"The requirement of conduct that amounts to 'deliberate
indifference' provides an appropriate balance of the pretrial
detainees' right not to be punished with the deference given to
prison officials to manage the prisons."  Redman v. County of San
Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

United States District Court
For the Northern District of California

claim may proceed against Defendants Sanchas, Snider and Quin.

Plaintiff's claim against the SRCJ Watch Commander cannot proceed

at this time, however, because that Defendant is identified only as

"John Doe."  Plaintiff may move to amend his complaint to

substitute the correct name of the SRCJ Watch Commander should he

learn that information in the future.  See Gillespie v. Civiletti,

629 F.2d 637, 642 (9th Cir. 1980).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The Clerk of the Court shall mail a Notice of Lawsuit and

Request for Waiver of Service of Summons, two copies of the Waiver

of Service of Summons, a copy of the amended complaint and all

attachments thereto (docket no. 3) and a copy of this Order to the

following Defendants at the Santa Rita County Jail: Commanding

Officer Lt. D. Sanchas, Sgt. D.L. Snider (Badge #1140), and Sgt.

B.S. Quin (Badge #1319).

The Clerk of the Court shall also mail a copy of the complaint

and a copy of this Order to the Office of County Counsel of Alameda

County.  Additionally, the Clerk shall mail a copy of this Order to

Plaintiff.

2.   Defendants are cautioned that Rule 4 of the Federal Rules

of Civil Procedure requires them to cooperate in saving unnecessary

costs of service of the summons and complaint.  Pursuant to Rule 4,

if Defendants, after being notified of this action and asked by the

Court, on behalf of Plaintiff, to waive service of the summons,

fail to do so, they will be required to bear the cost of such

service unless good cause be shown for their failure to sign and

return the waiver form.  If service is waived, this action will

**United States District Court**<br>For the Northern District of California

3

proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

3.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.    No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is

**United States District Court**
For the Northern District of California

1   filed.

2       The Ninth Circuit has held that the following notice should be

3   given to <u>pro se</u> plaintiffs facing a summary judgment motion:

4           The defendant has made a motion for summary
            judgment by which they seek to have your case dismissed.
5           A motion for summary judgment under Rule 56 of the
            Federal Rules of Civil Procedure will, if granted, end
6           your case.

7           Rule 56 tells you what you must do in order to
            oppose a motion for summary judgment.  Generally, summary
8           judgment must be granted when there is no genuine issue
            of material fact -- that is, if there is no real dispute
9           about any fact that would affect the result of your case,
            the party who asked for summary judgment is entitled to
10          judgment as a matter of law, which will end your case.
            When a party you are suing makes a motion for summary
11          judgment that is properly supported by declarations (or
            other sworn testimony), you cannot simply rely on what
12          your complaint says.  Instead, you must set out specific
            facts in declarations, depositions, answers to
13          interrogatories, or authenticated documents, as provided
            in Rule 56(e), that contradict the facts shown in the
14          defendant's declarations and documents and show that
            there is a genuine issue of material fact for trial.  If
15          you do not submit your own evidence in opposition,
            summary judgment, if appropriate, may be entered against
16          you.  If summary judgment is granted [in favor of the
            defendants], your case will be dismissed and there will
17          be no trial.

18  <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

19  banc).

20      Plaintiff is advised to read Rule 56 of the Federal Rules of

21  Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

22  (party opposing summary judgment must come forward with evidence

23  showing triable issues of material fact on every essential element

24  of his claim).  Plaintiff is cautioned that because he bears the

25  burden of proving his allegations in this case, he must be prepared

26  to produce <u>evidence</u> in support of those allegations when he files

27  his opposition to Defendants' dispositive motion.  Such evidence

28  may include sworn declarations from himself and other witnesses to

the incident, and copies of documents authenticated by sworn
declaration.  Plaintiff will not be able to avoid summary judgment
simply by repeating the allegations of his complaint.

       c.   Defendants shall file a reply brief no later than
<u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

       d.   The motion shall be deemed submitted as of the date
the reply brief is due.  No hearing will be held on the motion
unless the Court so orders at a later date.

    4.   Discovery may be taken in this action in accordance with
the Federal Rules of Civil Procedure.  Leave of the Court pursuant
to Rule 30(a)(2) is hereby granted to Defendants to depose
Plaintiff and any other necessary witnesses confined in prison.

    5.   All communications by Plaintiff with the Court must be
served on Defendants, or Defendants' counsel once counsel has been
designated, by mailing a true copy of the document to Defendants or
Defendants' counsel.

    6.   It is Plaintiff's responsibility to prosecute this case.
Plaintiff must keep the Court informed of any change of address and
must comply with the Court's orders in a timely fashion.

    7.   Extensions of time are not favored, though reasonable
extensions will be granted.  Any motion for an extension of time
must be filed no later than <u>fifteen (15) days</u> prior to the deadline
sought to be extended.

    IT IS SO ORDERED.

DATED:  4/11/2012

                                      CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California