IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY CANDLER,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA RITA COUNTY JAIL WATCH COMMANDER, et al.,<br><br>    Defendants. | Case No.: C 11-1992 CW (PR)<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, DENYING MOTION TO COMPEL, SETTING DISCOVERY AND BRIEFING SCHEDULES AND DIRECTING ALL PARTIES TO CONSENT OR DECLINE TO PROCEED BEFORE MAGISTRATE JUDGE FOR ALL FURTHER PROCEEDINGS<br><br>(Docket nos. 12, 33) |

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, complaining about his conditions of confinement during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail (SRCJ).  Specifically, Plaintiff alleges (1) that from June 17, 2008 through December 13, 2010, Defendants held him in disciplinary lock-up without disciplinary charges or a hearing, and did not provide him with cleaning materials for his cell or with the requisite minimum of three hours of exercise a week, and (2) from March 2009 through December 2010, he routinely went for more than seventy-two hours without a shower.  Plaintiff claims Defendants placed him in such adverse conditions of confinement not because of his conduct but, instead, in retaliation and at the request of the District Attorney.  He claims the violation of his right to due process and that Defendants acted with deliberate indifference.

I. <u>Summary Judgment</u>

On October 5, 2012, Defendants filed a motion for summary judgment. Thereafter, Plaintiff moved for a stay of further proceedings because he was scheduled to be transferred to another prison. On November 20, 2012, the Court denied the stay but granted Plaintiff an extension of time to January 4, 2013, to file his opposition to the motion for summary judgment. On January 9, 2013, the Court received Plaintiff's opposition, in which he wrote that he had been transferred to Pelican Bay State Prison and had not yet received his legal property. He objected to several alleged factually inaccurate statements made by Defendants in support of their motion for summary judgment.

Defendants filed a reply and an objection to Plaintiff's factual assertions, arguing that they are inadmissible hearsay and improper opinion evidence. Plaintiff then filed a sur-reply and a motion to compel discovery. Defendants opposed the motion on the grounds that discovery has not yet opened in the case because there has been no case management conference order, Plaintiff has not made any formal discovery request and he has not attempted to meet and confer. Plaintiff responded that he sent Defendants requests for production of documents, to which they did not respond.

In the order of service in this case, the Court wrote: "Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison." Docket no. 4 at 6:9-12. Consequently, no case management conference

2

order is required and Plaintiff's discovery requests cannot be objected to on that ground.

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F. 2d 1515, 1518 ( 9th Cir. 1987).  In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion.  Fed. R. Civ. P. 56(d).  A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made.  See Garrett, 818 F.2d at 1518.

The Ninth Circuit has made clear that in cases involving pro se prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending.  In particular, the Ninth Circuit has noted:

> Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)).  Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Harris v. Pate, 440 F.2d 315, 318 (7th

3

>     Cir. 1971) (Stevens, J.) (observing that the
>     combined disabilities of self-representation and
>     confinement hinder a plaintiff's ability to gather
>     evidence). Thus summary judgment in the face of
>     requests for additional discovery is appropriate
>     only where such discovery would be "fruitless"
>     with respect to the proof of a viable claim.
>     Klingele, 849 F.2d at 412.

Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted).

Here, Defendants have filed a motion for summary judgment and have objected to Plaintiff's evidence in opposition thereto as inadmissible hearsay and improper opinion evidence. The parties, however, have not conducted any discovery; consequently, Plaintiff has not been able to obtain evidence from Defendants that may be relevant to opposing their motion and proving his claims. Under such circumstances, the Court finds it proper to allow Plaintiff to conduct discovery before opposing Defendants' motion for summary judgment.[1]

---

[1] Plaintiff is advised that a district court may consider only admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(c); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002). Such evidence may include a sworn affidavit or declaration that is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge); see also Keenan v. Hall, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as opposing affidavit).

4

Accordingly, Defendants' motion for summary judgment is DENIED without prejudice to them filing a renewed motion for summary judgment after the parties have conducted discovery. See Fed. R. Civ. P. 56(d)(1). Plaintiff's motion to compel is DENIED without prejudice as premature.[2]

The parties shall comply with the discovery and briefing schedules set forth in the Conclusion of this Order.

II. Consent or Declination to Proceed Before Magistrate Judge

In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes. Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding. The parties shall complete the requisite consent or declination form and return it to the Court no later than fourteen days from the date of this Order.

CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants' motion for summary judgment is DENIED without prejudice. Docket no. 12.

---

[2] The district court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses, which normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d). Before filing any motion to compel discovery, the parties must make a good faith effort to meet and confer to attempt to resolve any discovery dispute, as is required by Civil Local Rule 37-1. When a party is incarcerated, the parties may meet and confer via written communication.

5

2. Plaintiff's motion to compel discovery is DENIED without prejudice. Docket no. 33.

3. No later than <u>fourteen</u> days from the date of this Order, all parties shall file their consent or declination to proceed before a United States Magistrate Judge.

4. The parties shall abide by the following discovery and briefing schedules:

    a. No later than <u>August 1, 2013</u>, the parties shall complete all discovery.

    b. No later than <u>August 15, 2013</u>, the parties shall file all discovery-related motions.

    c. No later than <u>September 1, 2013</u>, Defendants shall file their motion for summary judgment.

    d. No later than <u>September 30, 2013</u>, Plaintiff shall file his opposition to Defendants' motion.

    e. No later than <u>October 15, 2013</u>, Defendants <u>shall</u> file their reply to the opposition.

5. No extensions of time with respect to the above deadlines will be granted absent compelling circumstances.

This Order terminates Docket nos. 12 and 33.

IT IS SO ORDERED.

Dated: 5/13/2013

*[signature]*
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE