IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY CANDLER,<br><br>             Plaintiff,<br><br>   v.<br><br>SANTA RITA COUNTY JAIL WATCH COMMANDER, et al.,<br><br>             Defendants. | Case No.: C 11-1992 CW (PR)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF's MOTION TO AMEND COMPLAINT AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING MOTION TO SUPPLEMENT COMPLAINT, AND REFERRING DISCOVERY DISPUTES TO MAGISTRATE JUDGE<br><br>(Docket nos. 40, 41, 44, 45, 47) |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, complaining about his conditions of confinement during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail (SRCJ). Specifically, Plaintiff alleges that (1) from June 17, 2008 through December 13, 2010, Defendants held him in disciplinary lock-up without disciplinary charges or a hearing, and did not provide him with cleaning materials for his cell or with the requisite minimum of three hours of exercise a week, and (2) from March 2009 through December 2010, he routinely went for more than seventy-two hours without a shower. Plaintiff claims Defendants placed him in such adverse conditions of confinement not because of his conduct but, instead, in retaliation and at the request of the District

Attorney.  He claims the violation of his right to due process and that Defendants acted with deliberate indifference.

On May 13, 2013, the Court denied Defendants' first motion for summary judgment without prejudice so that Plaintiff could obtain necessary discovery.  Doc. no. 36.  The Court ordered that all discovery be completed by August 1, 2013, that all discovery-related motions be filed by August 15, 2013, and that Defendants file their motion for summary judgment no later than September 1, 2013.

Thereafter, on August 19, 2013, Plaintiff filed two discovery-related motions, doc. nos. 44 and 45, which Defendants have opposed and, on August 30, 2013, Defendants filed their motion for summary judgment, doc. no. 47.  Also, in June 2013, Plaintiff filed a motion for leave to amend his complaint, doc. no. 40, and a motion to supplement his complaint, doc. no. 41.  For the reasons stated below, the Court denies the motion to supplement the complaint, denies without prejudice the motions to amend the complaint and the motion for summary judgment and refers the discovery disputes to a Magistrate Judge.

DISCUSSION

I. Supplemental Complaint

Plaintiff moves to supplement his complaint to add events that occurred in October 2012 when Plaintiff was transferred to the SRCJ for a short period of time.  Defendants oppose primarily on the ground that they would be prejudiced by responding to claims based on incidents that occurred two years after the incidents upon which the original complaint is based.

Federal Rule of Civil Procedure 15(d) permits "supplemental pleadings setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented." The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible. LaSalvia v. United Dairymen of Ariz., 804 F.2d 1113, 1119 (9th Cir. 1986). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). "[A] supplemental complaint should have some relation to the claim set forth in the original pleading," and a court may deny leave to supplement a complaint on grounds of undue delay, prejudice to the opposing party, or futility. Id. at 474.

Because the events in the proposed supplemental pleading occurred more than two years after the events alleged in Plaintiff's amended complaint, responding to them at this time would cause undue prejudice to Defendants. On the other hand, Plaintiff will not be prejudiced by the denial of this motion because he may file a new complaint based upon the later events. Therefore, the motion to file a supplemental complaint is denied.

II. Amended Complaint

Plaintiff moves for leave to amend his complaint to add Sergeant Scott M. Busby as a Defendant. Plaintiff indicates that, in reviewing Defendants' motion for summary judgment, he realized that Sgt. Busby was a member of the Classification Unit which determined that Plaintiff should be housed in Administrative Segregation without disciplinary charges or a

3

hearing and, thus, violated Plaintiff's rights to due process. Defendants oppose the motion on the following grounds: (1) Plaintiff failed to file a notice of motion as required by Rule 7(b)(1) of the Federal Rule of Civil Procedure; (2) Plaintiff failed to attach a copy of his proposed amended complaint to his motion; and (3) Defendants will be prejudiced because this case has been pending for more than two years, discovery is scheduled to be closed shortly and Defendants have a short time in which to file their summary judgment motion. Defendants also argue that amendment would be futile because they will prevail on their motion for summary judgment.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." In considering whether to grant or deny a motion seeking leave to amend a complaint, the district court may consider whether there is bad faith, undue delay, prejudice to the opposing party, futility in the amendment, and whether the plaintiff has previously amended his complaint. <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990). Civil Local Rule 10-1 provides that any party moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.

Defendants cannot claim prejudice when one of the reasons this case has been pending so long is their failure to provide Plaintiff discovery. <u>See</u> May 13, 2013 Order Denying Summary Judgment at 2-3. Also, the Court notes that, in Defendants' renewed motion for summary judgment, they repeat the argument from their previous motion, that Plaintiff is suing the wrong

4

Defendants because they did not cause the harm he alleges. In discovery, it would be appropriate for Defendants to provide the identity of the individuals who were responsible for the alleged wrongful conduct. Because Defendants have not yet provided this information to Plaintiff, they can hardly claim that they will be prejudiced if Plaintiff is granted leave to amend to add the proper Defendants. Also, Defendants' futility argument based on their prediction that they will prevail on their motion for summary judgment is premature.

Plaintiff has not included with his motion a proposed amended complaint. Parties may not file piecemeal complaints or amendments that contain portions of claims and less than all defendants. Plaintiff's motion is denied for this reason. However, denial is without prejudice to filing another motion submitted with a proposed amended complaint. Because the discovery disputes are referred to a Magistrate Judge, Plaintiff may wait until the resolution of these disputes to file a new motion to amend.

III. Discovery Disputes

On August 19, 2013, Plaintiff filed two discovery motions which Defendants have opposed. Pursuant to Civil Local Rule 72-1, Plaintiff's pending discovery motions and all further discovery motions filed in this case are referred to a Magistrate Judge to be considered at the convenience of the assigned Magistrate Judge.

In light of this referral, the discovery cut-off date in this case is vacated and Defendants' motion for summary judgment

is denied without prejudice to refiling after the resolution of the discovery disputes.

CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to file an amended complaint is DENIED without prejudice. Docket no. 40.

2. Plaintiff's motion to file a supplemental complaint is DENIED with prejudice. Docket no. 40.

3. Defendants' motion for summary judgment is denied without prejudice. Docket no. 47.

4. Plaintiff's motions for discovery are referred to a Magistrate Judge. Docket nos. 44, 45. The parties are to inform the Court when the discovery disputes are resolved.

5. As indicated above, Plaintiff may wait until the resolution of the discovery disputes to file an amended complaint to name the proper Defendants. However, he must do so within twenty-one days after the resolution of the disputes. If Plaintiff decides to file a renewed motion to amend his complaint, at the same time he must also submit the proposed second amended complaint (SAC), on the Court's civil complaint form. The SAC must include the caption of this case and the case number, 11-1992 CW (PR), and the words "Second Amended Complaint" on the first page. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

6. If Plaintiff does not file a SAC within twenty-one days after the resolution of the discovery disputes, his case will go forward on the basis of his First Amended Complaint (FAC).  If the FAC remains the operative complaint, Defendants may refile their present motion for summary judgment.

This Order terminates Docket nos. 40, 41 and 47.

IT IS SO ORDERED.

Dated: 10/9/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE