UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY CANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA RITA COUNTY JAIL WATCH COMMANDER, et al.,<br><br>    Defendants. | Case No. 11-cv-01992-CW (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 62 |

## BACKGROUND

Plaintiff Mark Anthony Candler, a state prisoner incarcerated at Pelican Bay State Prison, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, complaining about his conditions of confinement during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail. Plaintiff alleges that (1) from June 17, 2008 through December 13, 2010, Defendants held him in disciplinary lock-up without disciplinary charges or a hearing, and did not provide him with cleaning materials for his cell or with the requisite minimum of three hours of exercise a week; and (2) from March 2009 through December 2010, he routinely went for more than seventy-two hours without a shower. Am. Compl. at 3, Dkt. No. 3. Plaintiff claims Defendants placed him in such adverse conditions of confinement not because of his conduct but, instead, in retaliation and at the request of the District Attorney. *Id.* He claims the violation of his right to due process and that Defendants acted with deliberate indifference. *Id.*

On May 20, 2014, the parties filed five discovery disputes regarding: (1) Plaintiff's demand for production of an Alameda County District Attorney's Office memorandum regarding classification of inmates in administrative segregation (Dkt. No. 62 - "DA Ltr."); (2) Plaintiff's demand for production of the Alameda County Sheriff's Office ("ACSO") Classification Policies

(Dkt. No. 62-2 - "ACSO Ltr."); (3) Plaintiff's Interrogatories Nos. 21-24, which seek information regarding how gang members are classified and where members of specific gangs are housed (Dkt. No. 62-3 – "Gang Ltr."); (4) Plaintiff's Interrogatories to Deputy Bervin Hankins (Dkt. No. 62-4 – "Hankins Ltr."); and (5) Defendant Sergeant Snider's Responses to Plaintiff's Second Set of Interrogatories (Dkt. No. 62-5 – "Snider Ltr.").  The Court shall consider each in turn.

## LEGAL STANDARD

It is well established that a party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense.  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be ultimately admissible at trial so long as the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery.  Fed. R. Civ. P. 37(a)(3)(B).  The party opposing discovery bears the burden of resisting disclosure.  *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

## DISCUSSION

**A.     Plaintiff's Demand for Production of Memorandum Re: Classification of Inmates**

In the parties' first letter, Plaintiff requests production of an Alameda County District Attorney's Office memorandum regarding classification of inmates in administrative segregation. DA Ltr., Dkt. No. 62.  Plaintiff claims that retaliation may be proved by this document because it "was a factor in placing Plaintiff in adverse conditions of confinement." *Id.* at 2.  In response, Defendants argue that the document is confidential under the official information privilege. *Id.* Specifically, Defendants state that Lieutenant Michael Molloy, the Lieutenant in charge of the Classification Unit of Santa Rita Jail, reviewed the responsive documents and found that the documents should not be disclosed in order to protect the safety of inmates, civilians and the institution. *Id.* at 3.

The Ninth Circuit has recognized a qualified privilege for official information.  *Sanchez v.*

1  *City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).  "A 'court must balance the government's
2  interest in protecting official information from disclosure against the plaintiff's need for the
3  information.'"  *Rogers v. Giurbino*, 288 F.R.D. 469, 480 (S.D. Cal. 2012) (quoting *Edwards v.*
4  *Cnty. of L.A.*, 2009 WL 4707996, at *2–3 (C.D. Cal. Dec. 9, 2009)).  This balancing test is
5  "moderately pre-weighted in favor of disclosure" in civil rights cases.  *Kelly v. San Jose*, 114
6  F.R.D. 653, 661 (N.D. Cal. 1987).  This privilege is not absolute: "In determining what level of
7  protection should be afforded by this privilege, courts conduct a case by case analysis, in which
8  the interests of the party seeking discovery are weighed against the interests of the government
9  entity asserting the privilege."  *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).
10         Before the court engages in this balancing, the party seeking to invoke the privilege must
11  make a "substantial threshold showing."  *Rogers*, 288 F.R.D. at 480 (citation omitted).
12  Specifically, the withholding party must submit a declaration from a department head who
13  controls the records that includes the following:

> (1) an affirmation that the agency generated or collected the material at issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create substantial risk of harm to significant governmental interests if disclosure were made.

19  *Edwards*, 2009 WL 4707996, at *2-3.  "If the nondisclosing party does not meet this initial
20  burden, the court will order disclosure of the documents; if the party meets this burden, the court
21  generally conducts an in camera review of the material and balances each party's interests."
22  *Rogers*, 288 F.R.D. at 480 (citing *Soto*, 162 F.R.D. at 613; *Kelly*, 114 F.R.D. at 671).
23         Here, Defendants have submitted the Declaration of ACSO Lieutenant Michael Molloy.
24  Dkt. No. 49-7.  Lt. Molloy is the Classifications Lieutenant at the Santa Rita County Jail.  *Id*. ¶ 2.
25  The Classification Section of the ACSO is responsible for management of the jail population,
26  keeping inmates and staff safe by properly housing inmates.  *Id*. ¶ 3.  Lt. Molloy declares that the
27  ACSO maintains records relating to the classification and movement of inmates, including
28  memoranda regarding classification, in the strictest of confidence and under his supervision.  *Id.*

United States District Court
Northern District of California

¶¶ 4, 5. He states that confidentiality of the memorandum received from the District Attorney's Office protects the legitimate institutional needs of assuring the safety of staff and inmates. *Id.* ¶ 9. Lt. Molloy declares that the memorandum contains confidential information that, if disclosed, would present a grave security risk to the inmates. *Id.* Lt. Molloy further declares that disclosure of certain information can endanger another inmate's safety, such as might occur if the identity of inmates who may be adverse witnesses, or if enough details were disclosed about the information provided by such an adverse witness that the accused can figure out his identity. *Id.* Lt. Molloy states that disclosure of this information would severely endanger the safety of numerous inmates and civilians, and that the danger cannot be avoided by merely redacting names. *Id.*

Given Lt. Molloy's finding that the memorandum should not be disclosed in order to protect the safety of inmates, civilians and the institution, it is possible that the official information privilege applies. "When discoverable information may give rise to institutional safety and security concerns, courts balance the need for the information and the extent the information compromises security to determine whether disclosure is warranted." *Rogers*, 288 F.R.D. at 480 (citation omitted); *see also Thornburg v. Abbott*, 490 U.S. 401, 415 (1989) (stating that the legitimacy of the goal of protecting prison security is "beyond question"); *Toussaint v. McCarthy*, 801 F.2d 1080, 1104 (9th Cir. 1986) ( "Courts must accord wide-ranging deference to prison administrators 'in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

However, "[a] conclusory objection based on institutional security . . . is insufficient." *Rogers*, 288 F.R.D. at 480 (citing *Goolsby v. Carrasco*, 2011 WL 2636099, at *6–7 (E.D. Cal. July 5, 2011)). Although Defendants provide a general objection that producing the document will compromise institutional security, they do not explain how. *See id.* at 480 (overruling conclusory objection that document "seeks information that will compromise prison safety"); *Cf. Walker v. Ryan*, 2012 WL 1599984, at *3-4 (D. Ariz. May 7, 2012) (finding that providing details about how prison gang members are identified and how gang intelligence is analyzed and collected would compromise prison security); *see also Ibanez v. Miller*, 2009 WL 3481679, at *2-

4

3 (E.D. Cal. Oct. 22, 2009) (reviewing the associate warden's declaration and concluding that disclosing details about how prison officials respond to prison alarms would compromise prison safety). While there is a clear need for safety and security in the prison context, Plaintiff is no longer an inmate at the Santa Rita Jail, and Defendants do not deny that the memorandum may contain non-privileged information that is relevant to his claims.

Accordingly, the Court GRANTS Plaintiff's request for production of the Memorandum Re: Classification of Inmates. Defendants may redact any information that identifies inmates other than Plaintiff and any details that would permit Plaintiff to figure out the identity of other inmates or adverse witnesses. Defendants may also redact any information which, if disclosed, would present a grave security risk to the staff and inmates. For any redacted information, Defendants shall include a privilege log which explains the reason for the redaction (e.g., "Identity of inmate," "Security risk to staff and inmates"). If Plaintiff objects to Defendants' redactions, the parties shall meet and confer in compliance with the undersigned's Discovery Standing Order. If unable to resolve the dispute, the parties shall file an updated joint letter on this issue, with the redacted memorandum included as an attachment. If the parties file an updated letter, Defendants shall also submit the unredacted memorandum for in camera review.

**B.      Plaintiff's Demand for Production of ACSO Classification Policies**

In the parties' second letter, Plaintiff requests documents related to ACSO classification policies.[1] ACSO Ltr., Dkt. No. 62-2. Plaintiff seeks these documents because he alleges that Defendants "may have broke[n] their own rules." *Id.* at 2. Plaintiff states that he does not seek documents on how inmates are classified, but seeks ACSO policies on the rights of inmates to not have discipline imposed that constitutes a major change in the ordinary conditions of confinement, including transfer to segregation without notice and an opportunity for a hearing. *Id.* Plaintiff argues that "[t]his information will let the courts know if it is only the defendants at fault or not; or was this policy or custom the moving force behind the constitutional deprivation. Due process comes into play when substantive rule limit the reasons that support action." *Id.*

---

[1] Plaintiff's request does not address a specific document request; however, Request No. 16 seeks "ACSO policies or procedures of housing inmates in ADSED." Dkt. No. 62-1 at 13.

Defendants state that they have already responded by providing Plaintiff with the ACSO policies and procedures, available to the public, regarding housing of inmates. *Id.* at 3. Defendants refused to provide certain other documents regarding the review of inmate classifications on the grounds that such documents were confidential under the official information privilege. *Id.* Defendants state that the omitted documents implicate some specifics on how inmates are classified at Santa Rita Jail, and legitimate penological efforts would be hindered if inmates were to learn how they are classified. *Id.* Defendants point to Lt. Molloy's Declaration, in which he attests that: "Material of this nature could reasonably be expected to circulate among inmates with a concomitant expectation of coordinated misconduct and interference with institutional safety and security. Release of such information would frustrate the legitimate penological interests of Santa Rita Jail and its administrators." Molloy Decl. ¶ 10.

Upon review of the parties' arguments, the Court finds that Defendants need not provide a further response to Plaintiff's request. First, Plaintiff's request sought "ACSO policies or procedures of housing inmates in ADSED," and Plaintiff does not dispute that Defendants produced these policies. Second, as to documents regarding the review of specific inmate classifications, there is no indication that Plaintiff sought these in the course of discovery. Moreover, Defendants have satisfied their burden to show that any such documents are protected by the official information privilege. Given Defendants' need to prevent coordinated misconduct on the part of inmates and interference with institutional safety, the Court finds it is reasonable not to require production of confidential inmate housing procedures. Accordingly, Plaintiff's motion to compel further response to his request documents related to ACSO classification policies is DENIED.

**C.     Plaintiff's Interrogatories Nos. 21-24**

In the parties' third letter, Plaintiff seeks further responses to Interrogatories Nos. 21-24, which seek information regarding how gang members are classified and where members of specific gangs are housed. Gang Ltr., Dkt. No. 62-3. Interrogatory 21 states: "Are the Northern X4 gang members, normally housed in maximum security pods with SURX3 gang members?" Defs.' Sec. Supp. Resps. to Pl.'s First Set of Interrogs. at 15, Dkt. No. 62-1. Interrogatory No. 22

6

states: "Are known Kumi Gang members house on mainline ever?" *Id.* Interrogatory No. 23 states: "Are these alleged black street gangs of Oakland, separated from each other, and housed in their own special unit like the SURx3 gang members?" *Id.* at 16. Interrogatory No. 24 states: "Are all gang affiliation inmates housed in ADSED?" *Id.* at 17.

Defendants refused to respond to the Interrogatories, maintaining that this information is protected by the official information privilege. Gang Ltr. at 2. In his Declaration, Lt. Molloy states that there is a legitimate penological interest in keeping how gang members are classified confidential because prison and street gangs and those individuals affiliated with them pose a severe threat to the safety and security of California prisons. Molloy Decl. ¶ 14. Thus, Lt. Molloy states that disclosing the information sought in Interrogatories Nos. 21-24 would severely endanger the safety of prison staff, numerous inmates and civilians. *Id.* The Court agrees. *See, e.g., Manibusan v. Alameida*, 2006 WL 496041, at *5 (N.D. Cal. Feb. 28, 2006) (finding that the disclosure of information regarding gangs would threaten prison safety and security, thereby creating legitimate institutional concerns that justified the denial of access by the plaintiff); *Walker*, 2012 WL 1599984, at *3-4 (finding that providing details about how prison gang members are identified and how gang intelligence is analyzed and collected would compromise prison security). Accordingly, Plaintiff's request is DENIED.

**D.   Plaintiff's Interrogatories to Deputy Bervin Hankins**

The parties' fourth letter addresses Plaintiff's Interrogatories to Deputy Bervin Hankins, who is not a party in this action. Hankins Ltr., Dkt. No. 62-4. Interrogatories may only be propounded on parties to the case. *See* Fed. R. Civ. P. 33(a)(1), *see also Ward v. Empire Vision Centers, Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) (non-party cannot be compelled to answer interrogatories). Accordingly, Plaintiff's request is DENIED.

**E.   Defendant Sergeant Snider's Responses to Plaintiff's Second Set of Interrogatories**

In the fifth letter, Plaintiff seeks supplemental responses to Interrogatory No. 13, served on Defendant Sergeant D.L. Snider. Snider Ltr., Dkt. No. 62-5. Interrogatory No. 13 states: "Has the Plaintiff ever Proved, (Proved meaning: To test by Experiment or by a standard; to show to be correct) to be an immediate threat, (immediate threat meaning: close at hand, very near an

7

expression of an intention to inflict something harmful) to other inmates, or endanger Santa Rita security?" Def. Sgt. Snider's Resps. to Pl.'s Sec. Set of Interrogs. at 2, Dkt. No. 62-1.

Defendants objected to the interrogatory on several grounds. First, that the interrogatory is impermissibly compound in that it presents two questions: (1) has Plaintiff "proven" to be an immediate threat to other inmates, and (2) has Plaintiff "proven" to endanger Santa Rita security. *Id.* at 3. Defendants also objected on grounds that the interrogatory is vague and ambiguous, as it is unclear to what sort of experiment Plaintiff refers. *Id.* Defendants argue that it is not clear what was "proved" to whom and how it was proved. Snider Ltr. at 3. Defendants also argue that this interrogatory is ambiguous in that it fails to designate a place and time – the question "has Plaintiff proven to be an immediate threat to other inmates" could apply to any time in Plaintiff's life, and at any facility at which he has been incarcerated. *Id.*

Upon review of Plaintiff's interrogatory, the Court finds that it is compound and ambiguous as written. However, the information Plaintiff seeks could be relevant to his claims. Accordingly, the Court GRANTS Plaintiff's motion to compel a further response from Sgt. Snider. Defendants shall respond as to: (1) any incidents where Sgt. Snider determined that Plaintiff was an immediate threat to other inmates during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail; and (2) any incidents where Sgt. Snider determined that Plaintiff was an immediate danger to Santa Rita Jail security during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail.[2]

## CONCLUSION

Based on the analysis above, the Court ORDERS as follows:

1) Plaintiff's request for production of the Memorandum Re: Classification of Inmates is GRANTED. Defendants may redact any information that identifies inmates other than Plaintiff and any details that would permit Plaintiff to figure out the identity of other inmates or adverse witnesses. Defendants may also redact any information which, if disclosed, would present a grave security risk to the staff and

---

[2] Although Defendants argue that this information is subject to the official information privilege, they have failed to make a substantial threshold showing, and this objection is therefore overruled.

1 inmates. For any redacted information, Defendants shall include a privilege log
2 which explains the reason for the redaction (e.g., "Identity of inmate," "Security
3 risk to staff and inmates"). If Plaintiff objects to Defendants' redactions, the parties
4 shall meet and confer in compliance with the undersigned's Discovery Standing
5 Order. If unable to resolve the dispute, the parties shall file an updated joint letter
6 on this issue, with the redacted memorandum included as an attachment. If the
7 parties file an updated letter, Defendants shall also submit the unredacted
8 memorandum for in camera review.

2) Plaintiff's motion to compel further response to his request documents related to ACSO classification policies is DENIED.

3) Plaintiff's request to compel further responses to Interrogatories Nos. 21-24 is DENIED.

4) Plaintiff's request to compel responses to Deputy Bervin Hankins' interrogatories is DENIED.

5) Plaintiff's motion to compel a further response from Sgt. Snider is GRANTED. Defendants shall respond as to: (1) any incidents where Sgt. Snider determined that Plaintiff was an immediate threat to other inmates during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail; and (2) any incidents where Sgt. Snider determined that Plaintiff was an immediate danger to Santa Rita Jail security during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail.

Defendants shall serve their responses by June 6, 2014.

**IT IS SO ORDERED.**

Dated: May 21, 2014

MARIA-ELENA JAMES
United States Magistrate Judge