IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY CANDLER,<br><br>          Plaintiff,<br><br>     v.<br><br>SANTA RITA COUNTY JAIL WATCH COMMANDER, et al.,<br><br>          Defendants. | Case No.: C 11-1992 CW (PR)<br><br>ORDER SETTING BRIEFING SCHEDULE FOR SUMMARY JUDGMENT MOTION |

Plaintiff, a state prisoner incarcerated at Centinela State Prison, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, complaining about his conditions of confinement during the period of his incarceration as a pretrial detainee at the Santa Rita County Jail (SRCJ). On October 9, 2013, the Court issued an order denying without prejudice Plaintiff's motion to file an amended complaint and Defendants' motion for summary judgment and referred discovery disputes to a magistrate judge. See Doc. no. 58. In the Order, the Court stated, "Plaintiff may wait until the resolution of the discovery disputes to file an amended complaint to name the proper Defendants. However, he must do so within twenty-one days after the resolution of the disputes. . . . If Plaintiff does not file a Second Amended Complaint (SAC) within twenty-one days after the resolution of the discovery disputes, his case will go forward on the basis of his First Amended Complaint (FAC). If the FAC remains the operative complaint, Defendants may refile their present motion for summary judgment." Id. at 6-7.

On May 21, 2014, the Magistrate Judge entered an order resolving the discovery disputes. See Doc. no. 63. More than twenty-one days have passed and Plaintiff has not filed a SAC. Therefore, the FAC remains the operative complaint and Defendants shall refile their summary judgment motion.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Within seven days from the date of this Order, Defendants shall refile their motion for summary judgment. Defendants shall comply with the Ninth Circuit's decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

2. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of

documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

3.   Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

4.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

IT IS SO ORDERED.

Dated:  8/18/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3