UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY CANDLER,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA RITA COUNTY JAIL WATCH COMMANDER, et al.,<br><br>    Defendants. | Case No. 11-cv-01992-CW<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>Re: Dkt. No. 78 |

Plaintiff, a state prisoner incarcerated at the California Men's Colony, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, complaining about his conditions of confinement during the period of his incarceration as a pretrial detainee at the Alameda County Jail in Santa Rita (SRCJ).  On January 26, 2015, the Court granted Defendants' motion for summary judgment on all claims in the first amended complaint.  However, because summary judgment on the due process claim was granted on the ground that Plaintiff failed to name the proper defendants, the Court granted Plaintiff's motion for leave to file a second amended complaint (2AC) to allow him to name the proper defendants.  On January 26, 2015, Plaintiff's SAC was filed, which the Court now reviews.

DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

   A. Section 1983

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

   Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  Lemire v. California Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Leer, 844 F.2d at 633.

   B. Procedural Due Process

   Pretrial detainees are protected from punishment without due

2

process under the Due Process Clause of the Fourteenth Amendment. United States v. Salerno, 481 U.S. 739, 746-47 (1987); Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). Interests that are procedurally protected by the Due Process Clause may arise from two sources——the Due Process Clause itself and laws of the states. Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Due process for placement in administrative segregation for security purposes requires only an informal nonadversary hearing within a reasonable time after the prisoner is segregated, notification to the prisoner of the reasons for the segregation and allowing the prisoner an opportunity to present his views; it does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses or a written decision describing the reasons for placing the prisoner in administrative segregation. Id. at 1100-01. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), overruled in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995).

Violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right. Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991). In § 1983 cases, a plaintiff can recover compensatory damages for a proven due process violation only if the deprivation of the substantive right was unjustified on the merits. If it is determined after post-deprivation procedures that the deprivation was justified, a plaintiff can recover only nominal damages for the due process violation. Id. at 481 n.5; Vanelli v. Reynolds School Dist. No. 7, 667 F.2d 773, 781 (9th Cir. 1982). If, on the other hand, process is provided and the

3

1  plaintiff prevails, he may be entitled to compensatory damages.
2  Id. at 776.
3  II. Plaintiff's Allegations
4      In his SAC, Plaintiff makes one new allegation regarding his
5  due process claim——that Gordon Bowan was the Watch Commander when
6  Deputies Bervin Hankins, Christopher Feeny, Rogelio Matedne, Mark
7  Schlegal, Terry Carson, Aaron Garth, Robert Bixby, Robert
8  Griffith and Michael Molloy placed him in disciplinary lock-up
9  without disciplinary charges or a hearing.[1]
10     As discussed in the Court's January 26, 2015 Order,
11 Plaintiff's due process claim is based on the Classifications
12 Unit's decision to place him in administrative segregation
13 without due process protections.  Summary judgment on this claim
14 was granted to the defendants named in the original complaint
15 because they were not the "proper defendants," in that they were
16 not involved in the Classifications Unit's decision.  From
17 Plaintiff's motion for leave to file an amended complaint, it
18 appeared that he was prepared to name the individuals in the
19 Classifications Unit who decided to place him in administrative
20 segregation without due process.  His brief allegation in the SAC
21 does not indicate that the named individuals were in the
22 Classifications Unit or explain how they were involved in the
23 decision to place him in administrative segregation.  Therefore,
24 the SAC does not allege a cognizable due process claim against
25 the individuals Plaintiff names.  However, Plaintiff is granted

---

[1] Plaintiff realleges claims against D. Sanchas, D.L. Snider and B.S. Quin.  Sanchas, Snider and Quin were granted summary judgment on these claims in the Court's January 26, 2013 Order. Plaintiff may not reallege claims against these individuals.

4

one more opportunity to file an amended complaint to remedy this deficiency.

To state a due process claim in his amended complaint, Plaintiff must allege that his placement in administrative segregation was not for disciplinary reasons and that he did not get a hearing, notice of the reasons for his placement or an opportunity to present a response. He must allege which person or persons made the decision to place him in administrative segregation without these due process protections. Because the conditions in administrative segregation that Plaintiff alleged in his original complaint—lack of cleaning supplies, showers and exercise—were found not be constitutional violations, Plaintiff should allege the conditions he suffered in administrative segregation, such as isolation, that created atypical and significant hardships for him in comparison to the ordinary conditions in the SRCJ.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's SAC fails to state a cognizable due process claim against the named individuals. However, Plaintiff is granted leave to amend to remedy the deficiency noted above.

2. If Plaintiff can cure the pleading deficiency described above, he shall file a Third Amended Complaint within **twenty-one days** from the date this Order is filed. Plaintiff is cautioned that, to state a cognizable claim against any individual, he must specify how that individual violated his due process rights. The Third Amended Complaint must include the caption and civil case number used in this order (C 11-1992 CW (PR)) and the words THIRD

5

AMENDED COMPLAINT on the first page.  Plaintiff has leave only to allege a due process claim against the individuals in the Classifications Unit who made the decision to place him in administrative segregation without due process.  His Third Amended Complaint may not include any of his previous claims that have been adjudicated against him or any new claims.  Plaintiff may not rely on allegations from any previous complaint; he must include all the allegations necessary to state a due process claim in his Third Amended Complaint.

   3. Failure to file an amended complaint within **twenty-one days** and in accordance with this Order will result in a finding that further leave to amend would be futile, and the case will be dismissed.

   4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   IT IS SO ORDERED.

Dated: March 4, 2015

_____
CLAUDIA WILKEN
United States District Judge