1

2

3                        UNITED STATES DISTRICT COURT

4                      NORTHERN DISTRICT OF CALIFORNIA

5

6   MARK ANTHONY CANDLER,              Case No.  11-cv-01992-CW (PR)
                 Plaintiff,
7
          v.                           ORDER SERVING COGNIZABLE CLAIM
8
    SANTA RITA COUNTY JAIL WATCH
9   COMMANDER, et al.,

10               Defendants.

11

12        Plaintiff, a state prisoner incarcerated at the California

13   Men's Colony, filed this pro se civil rights action pursuant to

14   42 U.S.C. § 1983, complaining about his conditions of confinement

15   during the period of his incarceration as a pretrial detainee at

16   the Alameda County Jail in Santa Rita (SRCJ).  On January 26,

17   2015, the Court granted Defendants' motion for summary judgment

18   on all claims in the first amended complaint.  However, because

19   summary judgment on the procedural due process claim was granted

20   on the ground that Plaintiff failed to name the proper

21   defendants, the Court granted Plaintiff's motion for leave to

22   file a second amended complaint (2AC) to allow him to name the

23   proper defendants.

24        On March 4, 2015, the Court dismissed Plaintiff's 2AC with

25   leave to amend.  The Court noted that, although Plaintiff named

26   individuals as Defendants, he did not allege how they violated

27   his procedural due process rights.

28        On March 19, 2015, Plaintiff filed a third amended

United States District Court
Northern District of California

1   complaint, (3AC), which the Court now reviews.

2                              DISCUSSION

3   I.   Standard of Review

4        A federal court must conduct a preliminary screening in any

5   case in which a prisoner seeks redress from a governmental entity

6   or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  In its review, the court must identify any

8   cognizable claims and dismiss any claims that are frivolous,

9   malicious, fail to state a claim upon which relief may be granted

10  or seek monetary relief from a defendant who is immune from such

11  relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be

12  liberally construed.  Balistreri v. Pacifica Police Dep't, 901

13  F.2d 696, 699 (9th Cir. 1988).

14       To state a claim under 42 U.S.C. § 1983, a plaintiff must

15  allege two essential elements: (1) that a right secured by the

16  Constitution or laws of the United States was violated, and

17  (2) that the alleged violation was committed by a person acting

18  under the color of state law.  West v. Atkins, 487 U.S. 42, 48

19  (1988).

20       Liability may be imposed on an individual defendant under 42

21  U.S.C. § 1983 if the plaintiff can show that the defendant's

22  actions both actually and proximately caused the deprivation of a

23  federally protected right.  Lemire v. California Dept.

24  Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir.

25  2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A

26  person deprives another of a constitutional right within the

27  meaning of § 1983 if he does an affirmative act, participates in

28  another's affirmative act or omits to perform an act which he is

                                  2

United States District Court
Northern District of California

1  legally required to do, that causes the deprivation of which the

2  plaintiff complains.  <u>Leer</u>, 844 F.2d at 633.

3  II. Plaintiff's Allegations

4     In his 3AC, Plaintiff names as Defendants SRCJ Watch

5  Commander Gordon Bowan and SRCJ Deputies Bervin Hankins,

6  Christopher Feeny, Rogelio Matedne, Mark Schlegal, Terry Carson,

7  Aaron Garth, Robert Bixby, Robert Griffith and Michael Molly.

8  Plaintiff alleges that all Defendants, except Bowan, were on the

9  SRCJ Classification Committee and were responsible for the

10 decision to place him in administrative segregation without due

11 process of law, in that he did not receive notice of the reason

12 Defendants determined to place him in administrative segregation,

13 he did not have a hearing on the matter and he did not have an

14 opportunity to present his views.  As a result, for the entire

15 900 days Plaintiff was a pretrial detainee at SRCJ, he remained

16 in isolation and was denied access to inmate programs and group

17 religious services, he ate meals by himself in his cell, and had

18 little access to the outdoor yard.

19    Liberally construed, the 3AC appears to state a cognizable

20 procedural due process claim against Deputies Hankins, Feeny,

21 Matedne, Schlegal, Carson, Garth, Bixby, Griffith and Molly.

22 However, even liberally construed, the 3AC does not state a

23 cognizable claim against Watch Commander Bowan because the

24 allegations state he was not on the Classification Committee nor

25 do they indicate how he was responsible for the decision to place

26 Plaintiff in administrative segregation.  Therefore, the claim

27 against Watch Commander Bowan is dismissed.  Dismissal is with

28 prejudice because Plaintiff had two opportunities to state a

1    cognizable claim against Bowan and he has failed to do so.

2                              CONCLUSION

3         For the foregoing reasons, the Court orders as follows:

4         1. The procedural due process claim against Watch Commander

5    Bowan is dismissed with prejudice.

6         2. Plaintiff states a cognizable claim for the violation of

7    his right to procedural due process against all Defendants, with

8    the exception of Bowan.

9         3. The Clerk of the Court shall mail a Notice of Lawsuit and

10   Request for Waiver of Service of Summons, two copies of the

11   Waiver of Service of Summons, a copy of the 3AC (docket no. 80)

12   and all attachments thereto, a copy of this Order, the Order

13   Granting Defendants' Motion for Summary Judgment, (docket no.

14   77), and a copy of the Order Dismissing Second Amended Complaint

15   (docket no. 79) to SRCJ Deputies Bervin Hankins, Christopher

16   Feeny, Rogelio Matedne, Mark Schlegal, Terry Carson, Aaron Garth,

17   Robert Bixby, Robert Griffith and Michael Molly.  The Clerk shall

18   also mail a copy of the 3AC and a copy of this Order and the

19   other Orders mentioned above to the Office of the Alameda County

20   Counsel.  Additionally, the Clerk shall mail a copy of this Order

21   to Plaintiff.

22        4.  Defendants are cautioned that Rule 4 of the Federal

23   Rules of Civil Procedure requires them to cooperate in saving

24   unnecessary costs of service of the summons and complaint.

25   Pursuant to Rule 4, if Defendants, after being notified of this

26   action and asked by the Court, on behalf of Plaintiff, to waive

27   service of the summons, fail to do so, they will be required to

28   bear the cost of such service unless good cause be shown for the

     failure to sign and return the waiver forms.  If service is

United States District Court
Northern District of California

United States District Court
Northern District of California

1   waived, this action will proceed as if Defendants had been served

2   on the date that the waiver is filed, except that pursuant to

3   Rule 12(a)(1)(B), Defendants will not be required to serve and

4   file an answer before sixty days from the date on which the

5   request for waiver was sent.  (This allows a longer time to

6   respond than would be required if formal service of summons is

7   necessary.)

8       Defendants are advised to read the statement set forth at

9   the foot of the waiver form that more completely describes the

10  duties of the parties with regard to waiver of service of the

11  summons.  If service is waived after the date provided in the

12  Notice but before Defendants have been personally served, the

13  answer shall be due sixty days from the date on which the request

14  for waiver was sent or twenty days from the date the waiver form

    is filed, whichever is later.

15      5.   The following briefing schedule shall govern dispositive

16  motions in this action:

17      a.   No later than thirty days from the date the answer

18  is due, Defendants shall file a motion for summary judgment or

19  other dispositive motion.  If Defendants file a motion for

20  summary judgment, it shall be supported by adequate factual

21  documentation and shall conform in all respects to Federal Rule

22  of Civil Procedure 56.  If Defendants are of the opinion that

23  this case cannot be resolved by summary judgment, they shall so

24  inform the Court prior to the date the summary judgment motion is

25  due.  All papers filed with the Court shall be promptly served on

26  Plaintiff.

27      At the time of filing the motion for summary judgment or

28  other dispositive motion, Defendants shall comply with the Ninth

United States District Court
Northern District of California

1    Circuit's decision in Woods v. Carey, 684 F.3d 934 (9th Cir.

2    2012), and provide Plaintiff with notice of what is required of

3    him to oppose a summary judgment motion.  If the motion is based

4    on non-exhaustion of administrative remedies, Defendants must

5    comply with the notice and procedural requirements in Albino v.

6    Baca, 747 F.3d 1162 (9th Cir. 2014).

7            b.  Plaintiff's opposition to the motion for summary

8    judgment or other dispositive motion shall be filed with the

9    Court and served on Defendants no later than twenty-eight days

10   after the date on which Defendants' motion is filed.

11        Before filing his opposition, Plaintiff is advised to read

12   the notice that will be provided to him by Defendants when the

13   motion is filed, and Rule 56 of the Federal Rules of Civil

14   Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

15   (party opposing summary judgment must come forward with evidence

16   showing triable issues of material fact on every essential

17   element of his claim).  Plaintiff is cautioned that because he

18   bears the burden of proving his allegations in this case, he must

19   be prepared to produce evidence in support of those allegations

20   when he files his opposition to Defendants' summary judgment

21   motion.  Such evidence may include sworn declarations from

22   himself and other witnesses to the incident, and copies of

23   documents authenticated by sworn declaration.  Plaintiff will not

24   be able to avoid summary judgment simply by repeating the

25   allegations of his complaint.

26           c.  Defendants shall file a reply brief no later than

27   fourteen days after the date Plaintiff's opposition is filed.

United States District Court
Northern District of California

d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

7.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 04/09/2015

_____
CLAUDIA WILKEN
United States District Judge

7